IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
97 NOV 19 PH 1:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| IGNACIO DIAZ, | ) |
|     Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 97-N-0157-M ) |
| JAMES DELOACH, Warden; ATTORNEY GENERAL FOR THE STATE OF ALABAMA | ) ) ) ) |
|     Respondents. | ) ) |

ENTERED
NOV 19 1997

## FINDINGS AND RECOMMENDATION

Ignacio Diaz, hereinafter referred to as the petitioner, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 18, 1986 petitioner was convicted in the Circuit Court of Calhoun County of robbery, rape, kidnapping and sodomy and was sentenced to life imprisonment without parole on each count. Petitioner appealed from his conviction raising nine claims:

    I.    Did the joinder of the four offenses --robbery, first degree; kidnapping, first degree; rape, first degree; sodomy, first degree -- so prejudice the defendant as to deny him a fair trial?

    II.    Did the trial court err in overruling defendant's motion for a change of venue?

    III.    Did the trial court err in overruling defendant's objection to testimony concerning the photograph identification by the victim where there was no challenge by the defense as to identification?

    IV.    Did the trial court err in refusing to allow the defendant to cross-examine the victim concerning her past mental condition?

    V.    Did the trial court err in refusing to allow defendant to cross-examine victim concerning her past sexual conduct?

14

> VI. Did the trial court err in overruling defendant's fourth amendment objection to the introduction of: (1) one pair of shoes; (2) one sun visor; (3) one gold cross?
>
> VII. Did the trial court err in allowing the state to introduce into evidence the search warrant over defendant's objection?
>
> VIII. Did the trial court err in disallowing defendant's motion for Judgment of Acquittal based on: (1) insufficiency of evidence; and, (2) improper venue and jurisdiction?
>
> IX. Did the trial court err in refusing defendant's requested charges one through six?

(Respondents' Exhibit B, pp.3-4).

Petitioner's convictions were affirmed without opinion.

> According to the habeas petition, petitioner filed a Rule 20 petition raising two claims:
>
> (1) Not guilty on all indictments; and
>
> (2) Ineffective assistance of counsel.

The Rule 20 petition was denied on September 25, 1987.[1]

On April 14, 1994 petitioner filed a Rule 32 petition and motion to proceed *in forma pauperis*. (Respondents' Exhibit E, pp.2, 8). On April 26, 1994 the trial court denied petitioner's motion to proceed *in forma pauperis*. (Respondents' Exhibit E, p.7). On appeal from the trial court's ruling petitioner raised only one claim:

> Whether the trial court err[ed] in denying [petitioner's] motion to proceed *in forma pauperis*?

(Respondents' Exhibit F, p.2).

---

[1] Respondents did not include a copy of the Rule 20 petition in the exhibits accompanying the response; however, by petitioner's own description of the claims, the claims raised in the Rule 20 petition are not the same claims raised in the present federal habeas petition.

On March 3, 1995 the Alabama Court of Criminal Appeals affirmed by memorandum stating:

> The [petitioner's] Rule 32 petition is procedurally barred from appellate review based on rule 32.2(c), A.[R.]Cr.P. (statute of limitation).

(Respondents' Exhibit H).

Petitioner's petition for writ of certiorari was denied by the Alabama Supreme Court on May 23, 1995. (Respondents' Exhibit J).

On February 21, 1996 petitioner filed a second Rule 32 petition (his third petition for extraordinary relief) raising two claims:

(1) That one of the three prior convictions used to sentence him as a habitual offender was invalid for use for enhancement purposes because said conviction was for the sale of cocaine under *Code of Alabama* Section 20-2-70 (1975); and

(2) That because his Rule 20 petition was filed June 7, 1988 and *Ex Parte Chambers*, 522 So.2d 313 (Ala. 1987) was not decided until September 25, 1987, he could not raise his first claim and that a failure to entertain this petition will result in a miscarriage of justice.

(Respondents' Exhibit K, pp.11-16).

On April 9, 1996 the Rule 32 judge dismissed the Rule 32 as "precluded pursuant to 32.2(a) and (c) of the *Alabama Rules of Criminal Procedure*." (Respondents' Exhibit K, p.20). On appeal from the dismissal of his petition petitioner raised two claims:

I. Whether the trial court was in error for not holding an evidentiary hearing on the jurisdictional issues in [petitioner's] Rule 32 petition.

II. Whether the trial court erred in not addressing the merits of [petitioner's] Rule 32 petition.

(Respondents' Exhibit L).

3

On August 28, 1996 the Alabama Court of Criminal Appeals affirmed by memorandum:

> The [petitioner's] petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Cr.P. was correctly denied as it was filed outside the limitations period set forth in Rule 32.2(c), Ala.R.Crim.P.

(Respondents' Exhibit N).

The Alabama Court of Criminal Appeals overruled petitioner's application for rehearing and the Alabama Supreme Court denied petitioner's petition for writ of certiorari.

Petitioner filed this 28 U.S.C. § 2254 petition raising two claims:

(1) that his sentences of life without parole are illegal because one of the prior convictions used for enhancement under the Habitual Felony Offender Act (§ 13A-5-9) was a drug related case and therefore unusable in this case under Title 20 of the *Code of Alabama*; and

(2) that the court's application of the Drug Crimes Amendment Act of 1987 subjected petitioner to "ex post facto application of the law."

(Respondents' Answer, p.6).[2]

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

---

[2] The respondents' phrasing of petitioner's claims is accurate and clearer than the phrasing of the claims by petitioner in the supplement to the petition.

Petitioner does not contest that he had previously been convicted of felony possession of cocaine. He argues, however, that a felony drug conviction could not be used to enhance his sentence under *Code of Alabama*, Section 13A-5-9. If the felony drug conviction could not be considered, he would have been eligible for a sentence of life imprisonment or for any term of not less than ninety-nine years based upon his other two felony convictions. Section 13A-5-9(b)(3). Because the felony drug conviction was considered, Diaz was sentenced to life without parole based on three prior felony convictions. Section 13A-5-9(c)(3). The issue presented relates directly to the jurisdiction of the court to impose a particular sentence upon petitioner. A jurisdictional claim is not subject to the statute of limitations. *See* Rule 32.2(c) and Rule 32.1(c), A.R.Crim.P. The assertion of a procedural bar is erroneous.

Nevertheless, Diaz is not entitled to relief. Section 13A-5-9(c)(3), the provision under which petitioner's sentence was enhanced, provides:

> In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
>
> (3)  On conviction of a Class A felony, he must be punished by imprisonment for life without parole.

In *Gibson v. State*, 555 So.2d 784 (Ala. Cr. App. 1989), *cert. denied,* (Ala. 1990), an analogous case, the defendant was convicted of manslaughter, a non-drug related felony, based on conduct occurring in 1985. His sentence was enhanced under § 13A-5-9 based on one prior burglary conviction and five prior felony drug convictions. Defendant in *Gibson*, as does Diaz, relied upon *Ex Parte Chambers*, 522 So.2d 313 (Ala. 1987) in arguing that his prior felony drug convictions

5

could not be used to enhance his sentence under § 13A-5-9. The Alabama Court of Criminal Appeals observed that the Alabama Supreme Court clearly stated in note 2 of *Chambers* that it had "not yet addressed the issue of whether prior felony drug convictions can be used under the Habitual Felony Offender Act to enhance punishment for non-drug related felonies." 555 So.2d 798-99. The Alabama Court of Criminal Appeals in *Gibson* then relied on its own decisions involving this same issue when it held that drug related offenses are properly considered for sentence enhancement under § 13A-5-9:

> This court has previously stated that "all that is required to set the Habitual Felony Offender Act into motion is a previous felony conviction." *Walton v. State*, 461 So.2d 894, 899 (Ala. Cr. App. 1984). Moreover, we have held that the language "previously convicted of any felony," as found in the Habitual Felony Offender Act, means that all prior felony convictions come within the purview of the statute, regardless of what their origin may be. *Long v. State*, 446 So.2d 658, 660 (Ala. Cr. App. 1983); *Watson v. State*, 392 So.2d 1274, 1279 (Ala. Cr. App. 1980), *cert. denied*, 392 So.2d 1280 (Ala. 1981).

555 So.2d at 799.

The Alabama Supreme Court denied the petition for writ of certiorari in *Gibson*. The *Gibson* decision has never been limited or addressed by the Alabama Supreme Court. "State courts are the final arbiters of state law," *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) while "[t]he federal courts are the final arbiters of the scope of federal constitutional rights." *Mars v. Mounts*, 895 F.2d 1348, 1352 (11th Cir. 1990). Because the Alabama Court of Criminal Appeals determined in *Gibson* that prior felony drug convictions could be used to enhance felony non-drug convictions, the state court has determined the state law question. Further, because *Gibson* involved conduct

occurring before the Drug Crimes Amendment Act as does the case before this court, the use of petitioner's felony drug conviction for enhancement purposes under § 13A-5-9 does not raise "ex post facto" concerns.

Under Alabama law, both as it existed in February 1986 at the time of petitioner's conduct which gave rise to the sentence challenged herein and as it exists today under the Drug Crime Amendment Act which became effective October 21, 1987, Diaz's prior drug felony conviction was properly used to enhance his present sentence. Because petitioner had three prior felony convictions at the time of the commission of the present offense, he was correctly sentenced to life without parole pursuant to Section 13A-5-9(c)(3).

Based on the foregoing the magistrate judge RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Any party may file specific written objections to this report within twelve (12) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within twelve (12) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

The clerk is DIRECTED to serve a copy of this order upon petitioner and counsel for respondents.

DONE this the 18th day of November, 1997.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE